**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-6047**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOEL WAYNE TADLOCK,

Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.   Terry L. Wooten, District Judge.
(4:05-cr-00670-TLW-1; 4:10-cv-70278-TLW)

Submitted:  May 31, 2012            Decided:  June 5, 2012

Before KING, DUNCAN, and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Joel Wayne Tadlock, Appellant Pro Se.   Alfred William Walker
Bethea, Jr., Assistant United States Attorney, Florence, South
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Joel Wayne Tadlock seeks to appeal the district court's orders denying his 28 U.S.C.A. § 2255 (West Supp. 2011) motion to vacate, set aside, or correct his sentence and his Fed. R. Civ. P. 59(e) motion to alter or amend that judgment. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

When the United States or its officer or agency is a party, the notice of appeal must be filed no more than sixty days after the entry of the district court's final judgment or order, Fed. R. App. P. 4(a)(1)(B), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order denying Tadlock's Rule 59(e) motion was entered on the docket on October 12, 2011. Tadlock's motion for a certificate of appealability, which was construed as his notice of appeal, was filed on December 23, 2011.[*] Because Tadlock failed to file a timely notice of appeal

---

[*] For the purpose of this appeal, we assume that the date appearing on the motion is the earliest date it could have been
(Continued)

2

or to obtain an extension or reopening of the appeal period, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

---

properly delivered to prison officials for mailing to the court. Fed. R. App. P. 4(c); Houston v. Lack, 487 U.S. 266 (1988).

3